UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULES NGAMBO, | |
| | Plaintiff, |
| -against- | |
| CHASE, | |
| | Defendant. |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4 22 2020

20-CV-2224 (NSR)

ORDER TO AMEND

NELSON S. ROMÁN, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* By order dated March 12, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to
state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the
court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing
the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*,
556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the
elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at
555. After separating legal conclusions from well-pleaded factual allegations, the court must
determine whether those facts make it plausible – not merely possible – that the pleader is
entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jules Ngambo sues "Chase" as the sole Defendant in this action, alleging that it
"is a creditor" and reports accounts to credit reporting agencies. (ECF 2 at 2.) Plaintiff "denies
ever having any contractual agreement for credit, loans or services relationship with the
Defendant." (*Id.*)[1]

---

[1] In Plaintiff's application to proceed IFP, he states that he owes "credits card[] debt to
Bank of America – approx. $42,114; Credit Card[] debt to Chase - $11,712; Credit Card debt to
Discover–$16, 682." (ECF 1 at 2.) Plaintiff also filed suit against Bank of America. *See Ngambo
v. Bank of Am.*, ECF 1:20-CV-2221 (S.D.N.Y.).

Plaintiff alleges that on January 16, 2020, he notified Chase by certified mail of "erroneous and inaccurate reporting in [his] credit report." (*Id.*) Plaintiff also notified the three national credit reporting agencies, TransUnion, Experian, and Equifax, that "the information that Defendant was reporting on the Plaintiff's credit report was erroneous and inaccurate." (*Id.*) Plaintiff learned from the credit reporting agencies that Defendant Chase "confirmed [to the credit reporting agencies] that they are reporting it correctly." (*Id.*)

Plaintiff did not receive a response to his own letter directly from Defendant Chase, and he sent Defendant Chase "a Notice of Pending Lawsuit letter" dated February 24, 2020. (*Id.* at 3-4.) Chase has continued to "updat[e]" Plaintiff's credit report with the disputed information. (*Id.*)

Plaintiff contends that Defendant violated the FCRA in three ways: (1) by "reporting and/or failing to correct . . . inaccurate and erroneous information . . ." (*Id.* at 7); (2) because "[t]he information reported by [Chase] on [Plaintiff's] Equifax, Experian and TransUnion credit reports . . . does not reflect that the information is disputed by the consumer" (*Id.* at 8); and (3) by failing "to conduct a proper investigation" because it did not "direct . . . consumer reporting agencies to delete inaccurate information about [him] from the[ir] files." (*Id.*) He seeks at least $1,350,000 in damages. (*Id.* at 9.)

## DISCUSSION

### A.    Reporting Inaccurate Information

The FCRA imposes certain duties on entities furnishing information to consumer reporting agencies. 15 U.S.C. § 1681s-2.[2] Subsection 1681s-2 (a) states that persons "shall not

---

[2] The term "furnishers of information" is not defined in the statute, *see* 15 U.S.C. § 1681a, but it has been interpreted to mean "entities that transmit, to credit reporting agencies, information relating to debts owed by consumers," *Kane v. Guaranty Residential Lending, Inc.*, No. 04–CV–4847, 2005 WL 1153623, at *3 (S.D.N.Y. May 16, 2005). The Court assumes for purposes of this order that Defendant Chase is a furnisher of information.

furnish any information relating to a consumer to any consumer reporting agency if the person

knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–

2(a)(1)(A). But "there is no private cause of action for violations of § 1681s–2(a)." *Longman v.*

*Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012). This is because subsection (a) of the

FCRA "shall be enforced exclusively . . . by the Federal agencies and officials and the State

officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d); *Comunale v. Home*

*Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action

under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government

agencies and officials.").

Here, Plaintiff alleges that Chase reported inaccurate information to credit reporting

agencies after Plaintiff notified Chase by certified letter of his concerns, which he does not

specify in the complaint. Because individuals do not have a private right of action under

§ 1681s–2(a), the Court dismisses Plaintiff's claim that Defendant Chase inaccurately reported

information to credit agencies after Plaintiff's letter to Chase.

### B.    Duty to Investigate

Section 1681s-2(b) of the FCRA "governs the furnishers' duty once notice is received

from a credit reporting agency that there is a dispute as to the completeness or accuracy of the

information provided to that reporting agency." *Comunale*, 328 F. Supp. 3d at 77-78. The FCRA

"does provide for a private cause of action pursuant to § 1681s-2(b)." *Id.* at 80.

A furnisher's duties under § 1681s–2(b) include, among other things, to "conduct an

investigation with respect to the disputed information," after receiving notice from a consumer

reporting agency. 15 U.S.C. § 1681s–2(b)(1). "To state a claim [under § 1681s–2(b)(1)], a

consumer must show that (1) a furnisher received notice of a credit dispute from a [credit

reporting agency] (as opposed to from the consumer alone) and (2) the furnisher negligently or

willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148 (FPG), 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019).

In determining whether a furnisher of information has satisfied its obligations arising under § 1681s-2(b), "courts have required a 'reasonable investigation.'" *Amendoeira v. Monogram Credit Card Bank of Georgia*, No. 05-CV-4588, 2007 WL 2325080, at *1 (E.D.N.Y. Aug. 7, 2007). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute. *See Okocha v. HSBC Bank USA, N.A.*, No. 08-CV-8650, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Plaintiff's complaint consists largely of boilerplate allegations that are either devoid of facts or that are contradictory. For example, Plaintiff "denies ever having any contractual agreement for credit, loans or services relationship with the Defendant," (ECF 2 at 4), even though he submitted an IFP application in this action stating that he has a "Credit Car[d] debt to Chase - $11,712." (ECF 1 at 2.) Plaintiff alleges generally that Chase "failed to conduct a proper investigation" and "failed to direct . . . consumer reporting agencies to delete inaccurate information." (ECF 2 at 8.) But Plaintiff also alleges that after he disputed the information from Chase that appeared on his credit report, he learned from the credit reporting agencies that Defendant Chase "confirmed [to the credit reporting agencies] that they are reporting it correctly." (ECF 2 at 4.)

The FCRA does not require that a furnisher of information delete a consumer's disputed account, but rather "simply requires the furnisher of information to investigate and to report information from the investigation." *Ritchie v. N. Leasing Sys., Inc.*, No. 12-CV-4992, 2016 WL 1241531, at *17 (S.D.N.Y. Mar. 28, 2016). Plaintiff alleges that Defendant Chase reported back

that the disputed information was accurate. To allege that the investigation was unreasonable,

Plaintiff must plead some facts about the nature of the dispute. *See, e.g.*, *Okocha,* 2010 WL

5122614, at *6 (examining the reasonableness of a furnisher of information's investigation based

upon "what it was told by the credit bureau"). Plaintiff's allegations are insufficient to plead a

violation of § 1681s-2(b), but the Court grants Plaintiff leave to replead this claim. If Plaintiff

submits an amended complaint asserting a claim under § 1681s-2(b), he must plead some facts

about what information Defendant is erroneously reporting and how Defendant's investigation

was deficient.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of

claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each

claim against each defendant named in the amended complaint. Plaintiff is also directed to

provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's

amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including
   what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date
   and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and
   describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive
   relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2224 (NSR). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   April 22, 2020
         White Plains, New York

                                        _____
                                        NELSON S. ROMÁN
                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2:

_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3:

_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address | |
|---|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.