UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULES NGAMBO,

                              Plaintiff,

                    -against-

CHASE,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/16/2022____

20-CV-2224 (NSR)

ORDER OF SERVICE
(SUPPLEMENTAL)

NELSON S. ROMÁN, United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting claims under the Fair Credit
Reporting Act (FCRA), 15 U.S.C. § 1681. By order dated March 12, 2020, the Court granted
Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely
on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123
n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve
all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals
Service to serve if the plaintiff is authorized to proceed IFP)).[1]

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the
summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is
proceeding IFP and could not have served the summons and amended complaint until the Court
reviewed the amended complaint and ordered that a summons be issued. The Court therefore

---

[1] The Marshals Service attempted service on Defendant Chase at the address that Plaintiff
provided, but on February 8, 2022, a return of service form was filed showing service
unexecuted. (ECF 12.) The Court therefore issues this supplemental order.

extends the time to serve until 90 days after the date the summons is issued. If the amended

complaint is not served within that time, Plaintiff should request an extension of time for service.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's

responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F.

App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information

necessary to identify the defendant, the Marshals' failure to effect service automatically

constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Chase through the U.S. Marshals

Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to

issue a summons and deliver to the Marshals Service all the paperwork necessary for the

Marshals Service to effect service upon this Defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and show service

on the docket.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 form

with the address for Defendant Chase, and deliver to the U.S. Marshals Service all documents

necessary to effect service.

SO ORDERED.

Dated:     February 16, 2022
            White Plains, New York

_____
         NELSON S. ROMÁN
      United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Chase Bank (USA), N.A.
c/o the Corporation Trust Center
1209 Orange Street
Wilmington, DE, 19801