UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/3/2023_

---

JULES NGAMBO,

                Plaintiff,

   -against-

CHASE,

                Defendant.

7:20-CV-2224 (NSR)

ORDER and OPINION

---

NELSON S. ROMÁN, United States District Judge

Plaintiff Jules Ngambo ("Plaintiff") brings this *pro se* action alleging violations of the Fair Credit Reporting Act ("FCRA") against JPMorgan Chase Bank, N.A., incorrectly sued as "Chase" (hereinafter "Defendant"). (ECF No. 5. ("Am. Comp.")). Presently before the Court is Chase's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 20.) For the reasons discussed below, the Court GRANTS Defendant's motion to dismiss.

## **BACKGROUND**

### I. **Factual Background**

The allegations in the amended complaint are deemed true for the purpose of resolving this motion. Plaintiff is an individual consumer who requested and obtained a copy of his credit report online from Experian, Equifax, and TransUnion on January 16, 2020. (Am. Comp. ¶ 5.) Later that same day, Plaintiff contacted Defendant via U.S. certified mail regarding an "erroneous and inaccurate reporting" of a debt in his credit report. (*Id*. ¶ 1.) Plaintiff also disputed the information with Experian, Equifax, and TransUnion via U.S. Postal Service Certified Mail letters, sent on January 22, 2020, and those credit agencies confirmed that they are reporting the information correctly as advised by Defendant. (*Id*. ¶ 10.)

Plaintiff alleges that he waited thirty (30) days and did not receive a response from Defendant regarding his claims of the lack of a debt.  (*Id*. ¶ 12.)   Thereafter, Plaintiff sent a Notice of Pending Lawsuit letter to Defendant stating that the latter failed to validate or verify the information at issue.  (*Id*. ¶ 14.)   Plaintiff did not receive an answer from Defendant. (*Id*. ¶ 16.) Plaintiff alleges that Defendant has continued to report the erroneous and inaccurate information, which shows up on Plaintiff's credit report.  (*Id*. ¶ 17.)   Plaintiff claims that because of the erroneous and inaccurate information on his credit report, Plaintiff's reputation has been damaged, his lines of credit have been reduced, and his right to increase credit has been denied multiple times.  (*Id*. ¶ 18.)

Plaintiff's amended complaint asserts claims sounding in failure to report accurate information, failing to correct inaccurate information, and failing to investigate a dispute filed directly with a furnisher of information.  Plaintiff seeks a judgment in the amount of $1,350,00.00, plus punitive damages in the amount of $150,000.  (Am. Compl. at 9–10.)

## II.    Procedural Background

Plaintiff commenced this action on March 10, 2020 (ECF No. 2) and was granted *in forma pauperis* (IFP) status on March 12, 2020.  (ECF No. 3.)

On April 22, 2020, the Court issued an Order to Amend (ECF No. 4.), which dismissed Plaintiff's complaint (ECF No. 2) after finding that: (i) Plaintiff's claim under FCRA § 1681s–2(a) against Defendant for allegedly reporting inaccurate information to the credit agencies failed because individuals do not have a private right of action under that provision; and (ii) Plaintiff's claim under FCRA § 1681s–2(b) for Defendant's alleged violation of its duty to investigate the disputed information was inadequately pled, because Plaintiff failed to plead facts as to what information Defendant is erroneously reporting and how Defendant's investigation was deficient.

*See Ngambo v. Chase*, No. 20-CV-2224 (NSR), 2020 WL 1940553, at \*2–3 (S.D.N.Y. Apr. 22, 2020).

Plaintiff amended his complaint on June 18, 2020. (ECF No. 5.)   On May 16, 2022, the Court granted Defendant leave to file the instant motion to dismiss the amended complaint (ECF No. 18), which was fully briefed as of August 1, 2022.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and requires a court to determine whether the facts alleged are sufficient to show that the plaintiff has a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g., Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).

To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id*. at 679.  In assessing whether this standard has been met, courts take "all factual allegations contained in the complaint" as true, *Twombly*, 550 U.S. at 572, and "draw all inferences in the light most favorable to the non-moving party [ ]," *In re NYSE Specialists Sec. Litig*., 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id*., and cannot rely on mere "labels and conclusions" to support a claim. *Twombly*, 550 U.S. at 555.  If the plaintiff's pleadings "have not nudged [his or her] claims across the line

from conceivable to plausible, [the] complaint must be dismissed." *Id*. at 570.  Notably, however, the "submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).[1]

## DISCUSSION

In his amended complaint, Plaintiff brings claims under 15 U.S.C. §§ 1681s–2(a) and (b), 1681n, and 1681o against Defendant for (i) reporting inaccurate and erroneous information to the credit agencies (Am. Compl. ¶¶ 19–20); (ii) failing to update the credit agencies that the information on the accounts were in dispute (Am. Compl. ¶¶ 21–22); and (iii) failing to conduct an investigation of the disputed information (Am. Compl. ¶¶ 23–26).   For the reasons discussed below, the Court dismisses all of Plaintiff's claims in the amended complaint.

### I.   The FCRA

The FCRA regulates credit reporting agencies and mandates them to adopt reasonable procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information.  *See* 15 U.S.C. § 1681(b).  The purpose of the statute is "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Equifax Inc. v. F. T. C.*, 678 F.2d 1047, 1048 (11th Cir. 1982).  The FCRA imposes several responsibilities upon credit reporting agencies, including to refrain from knowingly reporting inaccurate information under 15 U.S.C. § 1681s–2(a)(1) and to correct any information they later discover to be inaccurate under 15 U.S.C. § 1681s–2(a)(2).  *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012).

---

[1]      In his letter-opposition, *pro se* Plaintiff asks the Court to consider Defendant's instant motion to dismiss as one for summary judgment, arguing that Defendant "imposes on this Court with his own conclusory allegations based on the facts as he imagines them to be".  (ECF No. 19 ("Pl.'s Opp.") at 1.)  The Court finds that Plaintiff fails to provide any valid grounds on which Court may consider the instant motion as one for summary judgment.

Because Plaintiff raises claims under 15 U.S.C. §§ 1681s–2(a), 1681s–2(b), 1681n, and 1681o, the Court describes each of those provisions in turn.

**15 U.S.C. § 1681s–2(a)**. Subsection 1681s-2(a) states that persons "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A). But "there is no private cause of action for violations of § 1681s–2(a)." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012). This is because subsection (a) of the FCRA "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d); *Comunale v. Home Depot, U.S.A., Inc*., 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials.").

**15 U.S.C. § 1681s–2(b)**.  Section 1681s-2(b) of the FCRA "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Comunale*, 328 F. Supp. 3d at 77–78.  The FCRA "does provide for a private cause of action pursuant to § 1681s-2(b)." *Id*. at 80.  A furnisher's duties under § 1681s–2(b) include, among other things, to "conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1). "To state a claim [under § 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A*., No. 15-CV-6148 (FPG), 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019).  To allege that the investigation was

unreasonable, Plaintiff must plead some facts about the nature of the dispute.  *See, e.g., Okocha v. HSBC Bank USA, N.A., No. 08 CIV.8650(MHP)*, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

**15 U.S.C. § 1681n**. Section 1681s-2(n) of the FCRA does not impose a duty, but rather, specifies the penalties for willful noncompliance with the FCRA.  *See* 15 U.S.C. § 1681n.

**15 U.S.C. § 1681o**. Section 1681s-2(o) of the FCRA similarly does not impose a duty, but instead merely specifies the penalties for negligent noncompliance with the FCRA.  *See* 15 U.S.C. § 1681o.

## II.    Count I: Reporting inaccurate and erroneous information to the credit agencies

For the following reasons, the Court dismisses Count I of the amended complaint, where Plaintiff alleges that Defendant is liable funder the FCRA for reporting inaccurate and erroneous information to the credit agencies.  (Am. Compl. ¶¶ 19–20.)  Such claim is one that properly arises under 15 U.S.C. § 1681s–2(a), which prohibits persons or entities from furnishing information relating to a consumer to any consumer reporting agency that they know or have reasonable cause to believe is inaccurate.  *See* 15 U.S.C. § 1681s–2(a)(1) and (2).  As discussed in the Court's Order to Amend, "there is no private cause of action for violations of § 1681s–2(a)." *Ngambo*, 2020 WL 1940553, at *2 (citing *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012)).  Therefore, because individuals do not have a private right of action under § 1681s–2(a), the Court, again, dismisses Plaintiff's claim that Defendant reported inaccurate and erroneous information.

## III.    Count II: Failing to update the credit agencies that the information on the accounts were in dispute

Plaintiff's second count in the amended complaint alleges that Defendant violated the FCRA by failing to update the credit agencies that the information on the accounts were in dispute.

This allegation falls under the purview of § 1681s-2(a)(3), which states that "the furnisher 'may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.'"  *Lichtman v. Chase Bank USA, N.A.*, No. 18-CV-10960 (CS), 2020 WL 1989486, at *4 (S.D.N.Y. Apr. 27, 2020) (citing FCRA § 1681s-2(a)(3)).

As stated above, there is no private right of action to enforce violations of § 1681s-2(a). *Id.* (citing *Longman*., 702 F.3d at 151.  Therefore, the Court dismisses Count II of the amended complaint.

## IV.    Count III: Failing to conduct an investigation of the disputed information

Plaintiff's Count III, which alleges that Defendant violated the FCRA for failing to conduct an investigation of the disputed information, falls under 15 U.S.C. § 1681–2(b), requires a furnisher of credit information to conduct an investigation in response to a notice of dispute received from a credit reporting agency.  *See* 15 U.S.C. § 1681–2(b).  For the following reasons, the Court dismisses Count III of the amended complaint.

First, Plaintiff fails to ameliorate the deficiency in his allegations pointed out by the Court in the Order to Amend with respect to this claim, where the Court found that Plaintiff failed to plead facts as to what information Defendant is erroneously reporting and how Defendant's investigation was deficient.  *See Ngambo*, 2020 WL 1940553, at *3.  Plaintiff's amended complaint continues to present the same pleading deficiencies.  Plaintiff only alleges in a conclusory manner that Defendant provided "inaccurate and erroneous" information but fails to specify what specifically Defendant is erroneously reporting.  *Id.* ("To allege that the investigation was unreasonable, Plaintiff must plead some facts about the nature of the dispute.") (citing *Okocha,* 2010 WL 5122614, at *6 (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Second, Plaintiff fails to allege why Defendant's investigation was deficient.   As previously stated by the Court, "[t]o allege that the investigation was unreasonable, Plaintiff must plead some facts about the nature of the dispute." *Ngambo*, 2020 WL 1940553, at *3 (citing *Okocha*, 2010 WL 5122614, at *6.   Plaintiff only alleges that such failure was "by virtue of [Defendant's] "fail[ure] to direct [the] consumer reporting agencies to delete inaccurate information about the Plaintiff from the files maintained by them." (Am. Compl. ¶ 23.)   However, the FCRA does not require that a furnisher of information delete a consumer's disputed account, but rather "simply requires the furnisher of information to investigate and to report information from the investigation." *Ritchie v. N. Leasing Sys., Inc.*, 2016 WL 1241531, at *17 (S.D.N.Y. Mar. 28, 2016)).

Third, as Defendant argues, Plaintiff fails to allege that Defendant received notice of the credit reporting dispute directly from a credit reporting agency (not just directly from Plaintiff himself), as required to find liability under 15 U.S.C. § 1681s–2(b).   (ECF No. 22 ("Def.'s Br.") at 10.)   *See Jackling*, 2019 WL 162743, at *4 ("To state a claim [under § 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] (as opposed to from the consumer alone) . . ."); *Markovskaya v. American Home Mortgage Servicing, Inc.*, 867 F.Supp.2d 340, 344 (E.D.N.Y. 2012)(notwithstanding plaintiff having filed a complaint with credit reporting agencies, "[w]here a consumer shows only that the furnisher received notice of the dispute from the consumer, but not from a credit reporting agency, no claim is stated").

Therefore, for the foregoing reasons, the Court dismisses Count III of the amended complaint.

## **LEAVE TO AMEND**

"[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks omitted). "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure

deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

   *Pro se* Plaintiff has already amended once, after having the benefit of the Court issuing an Order to Amend describing the pleading deficiencies in Plaintiff's original complaint. *Ngambo*, 2020 WL 1940553, at *2–3. Despite the opportunity the Plaintiff was provided to amend his pleadings, as discussed above, the amended pleadings still raise many of the same deficiencies. Generally, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment . . .") (alteration, footnote, and internal quotation marks omitted); *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp. 2d 310, 318 (S.D.N.Y. 2005) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies.") (internal quotation marks omitted), *aff'd sub. nom Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (per curiam).

   However, ultimately "it is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks omitted). In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a Second Amended Complaint to address deficiencies in his pleadings. The Court notes that if Plaintiff chooses to file a Second Amended Complaint, it will be his second attempt to address deficiencies in the pleadings.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED, and the claims in the amended complaint are dismissed without prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.

Plaintiff is granted leave to file a Second Amended Complaint to address deficiencies in the current pleadings.  If he chooses to do so, Plaintiff will have until February 24, 2023 to file a Second Amended Complaint. Plaintiff is advised that the Second Amended Complaint will replace, not supplement the previous complaints, so any claims he wants to pursue must be included in or attached to the Second Amended Complaint.  Defendant is then directed to answer or otherwise respond by March 17, 2023.  If Plaintiff fails to file a Second Amended Complaint within the time allowed, and he cannot show good cause to excuse such failure, those claims dismissed without prejudice by this order will be deemed dismissed with prejudice.

The Clerk of Court is further directed to mail a copy of this Opinion and Order as well as the attached NYLAG *Pro Se* Litigants Clinic flyer to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.


Dated:   February 3, 2023                                    SO ORDERED:
             White Plains, New York

                                                            _____
                                                                  NELSON S. ROMÁN
                                                              United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York.  The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or  come by either clinic during office  hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

### Thurgood Marshall United States Courthouse
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

---

### The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

